## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re* **C.R., M.S., and D.R.**

**No. 23-84** (Wirt County CC-53-2020-JA-19, CC-53-2020-JA-20, and CC-53-2021-JA-19)

## MEMORANDUM DECISION

Petitioner Mother P.N.[1] appeals the Circuit Court of Wirt County's January 17, 2023, order terminating her parental rights to C.R., M.S., and D.R.,[2] arguing that the circuit court erred by failing to consider and order a less restrictive alternative disposition other than termination. Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

In October 2019, the DHS implemented an in-home safety plan due to the deplorable condition of the petitioner's home. Services were provided to the petitioner beginning in November 2019 to assist in improving the condition of the home. However, the petitioner was noncompliant and did not avail herself of the services. In January 2021, the DHS filed a petition alleging abuse and neglect of C.R. and M.S.[3] by the petitioner based upon her methamphetamine abuse and failure to provide appropriate housing. According to the petition, the home was dirty, infested with bugs, and had no running water, while the children were dirty and covered in bug bites and feces.

At the adjudicatory hearing in March 2021, the petitioner stipulated to the allegations in the petition, and the circuit court adjudicated her an abusing and neglectful parent. The petitioner was granted a six-month post-adjudicatory improvement period. In July 2021, during the improvement period, the petitioner gave birth to D.R. and an amended petition was filed to add

---

[1] The petitioner appears by counsel Jessica E. Myers. The West Virginia Department of Human Services appears by counsel Attorney General Patrick Morrisey and Assistant Attorney General Lee Niezgoda. Counsel Keith White appears as the children's guardian ad litem.

Additionally, pursuant to West Virginia Code § 5F-2-1a, the agency formerly known as the West Virginia Department of Health and Human Resources was terminated. It is now three separate agencies—the Department of Health Facilities, the Department of Health, and the Department of Human Services. *See* W. Va. Code § 5F-1-2. For purposes of abuse and neglect appeals, the agency is now the Department of Human Services ("DHS").

[2] We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

[3] The petitioner was pregnant with D.R. at the time the petition was filed.

D.R. as an infant respondent. In September 2021, the petitioner's improvement period was extended three months. At a review hearing[4] in November 2021, the DHS reported that it had concerns the petitioner was abusing drugs despite screening negative. As a result, the circuit court suspended services and the petitioner's visits with the children and set the matter for disposition. The petitioner then filed a motion for a post-dispositional improvement period. After two dispositional hearings in January and February 2022, during which the DHS presented evidence of the petitioner's noncompliance with services and established that the home was still dirty and cluttered, it was discovered that there were deficiencies with the drug screen provider's recordkeeping. As such, the circuit court granted the petitioner's motion for a post-dispositional improvement period in February 2022. The terms of the improvement period required the petitioner to drug screen at a different location; to participate in parenting, adult life skills, and homemaking classes; and to clean her home.

In May 2022, the DHS case worker visited the petitioner's home. The worker found trash scattered in the yard and throughout the home; five cats, three dogs, and four ducks inside the home; moldy food and dirty dishes in the kitchen; animal feces on the floors; and gnats and flies throughout. At a review hearing that same month, the circuit court found that the petitioner was noncompliant with the improvement period but allowed the improvement period to continue until disposition. The circuit court also ordered the petitioner to attend therapy to treat her depression and anxiety. The circuit court, again, set the matter for disposition. The petitioner filed a motion requesting an extension of her post-dispositional improvement period.

A dispositional hearing was held in August 2022. A DHS case worker testified that the condition of the interior of the petitioner's home had improved but the backyard was filled with debris and was not safe for the children. The case worker also explained that she had concerns the home would become unsanitary again as the petitioner had repeatedly let the home get to a deplorable condition over the course of her improvement periods. Additionally, a service provider testified that it was unclear whether additional time to complete the petitioner's parenting and life skills classes would benefit the petitioner because she showed no motivation to attend the classes. The service provider's testimony also identified a lapse in services offered to the petitioner from February to May 2022. As a result of the lapse, the circuit court granted the petitioner's motion for an extension of the post-dispositional improvement period.

The final disposition hearing was held in November 2022. The petitioner testified that she started working in August and would be moving into a new home after the hearing. She explained that she had recently begun treatment for depression and started making improvements in her life, although she acknowledged that it had taken her nearly two years to improve. She asked the circuit court to terminate only her custodial rights to the children so that she could have additional time to demonstrate that she was capable of maintaining her home. After considering all of the evidence, the circuit court found that there was no reasonable likelihood that the petitioner could substantially correct the conditions of abuse and neglect in the near future. The circuit court also found that the petitioner failed to substantially participate in the improvement period as she inconsistently attended parenting classes, visited with the children, and went to therapy. In

---

[4] Despite receiving proper notice of the hearing, the petitioner and her counsel failed to appear.

addition, the circuit court found that, despite nearly two years of improvement periods, the petitioner could not maintain an appropriate home that was safe for the children; though, the circuit court did acknowledge that she appeared to no longer be using drugs. The circuit court also noted that the petitioner's life lacked stability, and only recently did she find employment to support herself instead of relying on others. The circuit court further found that the children deserved permanency, which could not be achieved with a less restrictive alternative to termination. Accordingly, the circuit court terminated the petitioner's parental rights.[5] It is from the dispositional order that the petitioner appeals.

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Before this Court, the petitioner first argues that the circuit court erred in terminating her parental rights despite her substantial correction of the conditions of abuse and neglect. In support of this assignment of error, the petitioner contends that she had secured appropriate housing and obtained steady employment by the final dispositional hearing, thus she argues that the conditions of abuse and neglect were substantially corrected.[6] The petitioner also argues that it was error to terminate her parental rights instead of considering less restrictive alternatives. We find the petitioner's arguments unavailing, as the circuit court was presented with sufficient evidence to terminate the petitioner's parental rights.

It is well established that

> [t]ermination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, [West Virginia Code § 49-4-604,] may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under [West Virginia Code § 49-4-604(d)] that conditions of neglect or abuse can be substantially corrected. Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011). Pursuant to West Virginia Code § 49-4-604(d)(3), a situation in which there is no reasonable likelihood the conditions of abuse and neglect can be substantially corrected includes one in which "[t]he abusing parent . . . [has] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts of social, medical, mental health, or other rehabilitative agencies designed to reduce or prevent the abuse or neglect of the child." While it may be true that the petitioner obtained new housing shortly before the final hearing, the DHS presented evidence that the petitioner was unable to maintain a home during the nearly two years of services. Further, while commendable, the petitioner's employment does not overcome her two years of repeated failures to consistently avail herself of services and visit her children. As such, there was sufficient evidence supporting the circuit court's finding that the petitioner could not substantially correct the conditions of abuse and neglect in the

---

[5] The parental rights of the father of C.R. and D.R as well as the father of M.S. have also been terminated. The permanency plan for the children is adoption in their current placement.

[6] There is no dispute amongst the parties that the petitioner had her substance abuse problem under control at the time of the final disposition hearing.

3

near future. *See* W. Va. Code § 49-4-604(d) ("'No reasonable likelihood that conditions of neglect or abuse can be substantially corrected' means that, based upon the evidence before the court, the abusing adult or adults have demonstrated an inadequate capacity to solve the problems of abuse or neglect on their own or with help.").

Furthermore, this Court has long held that the paramount goal of these proceedings is to facilitate "safe, stable, secure permanent homes for abused and/or neglected children." *In re Emily*, 208 W. Va. 325, 337, 540 S.E.2d 542, 554 (2000). The circuit court found that termination of the petitioner's parental rights to be in the best interests of the children because they needed "continuity of care in a stable home environment." The less restrictive dispositional alternative the petitioner requested would have provided only for a temporary placement for the children, while termination of parental rights allows for a permanent placement. Accordingly, termination of the petitioner's parental rights without considering less restrictive alternatives was not in error.

For the foregoing reasons, we find no error in the decision of the circuit court, and its January 17, 2023, order is hereby affirmed.

Affirmed.

**ISSUED**: May 13, 2024

**CONCURRED IN BY**:

Chief Justice Tim Armstead
Justice William R. Wooton
Justice C. Haley Bunn

**DISSENTING:**

Justice Elizabeth D. Walker
Justice John A. Hutchison

Hutchinson, Justice, dissenting:

I dissent to the majority's resolution of this case. I would have set this case for oral argument to thoroughly address the error alleged in this appeal. Having reviewed the parties' briefs and the issues raised therein, I believe a formal opinion of this Court was warranted, not a memorandum decision. Accordingly, I respectfully dissent.

4